**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTI-DISTRICT LITIGATION**

| | | |
|---|---|---|
| | ) | |
| In re: HOLIDAY CRUISE LINE TCPA | ) | MDL No. 2637 |
| CALL/TEXT LITIGATION, | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

**DEFENDANTS CONSOLIDATED WORLD TRAVEL, INC., ET AL.'s
MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR
CONSOLIDATION AND TRANSFER UNDER 28 U.S.C. § 1407**

Defendants Consolidated World Travel, Inc., d/b/a Holiday Cruise Line ("Holiday");

Consolidated Travel Holdings Group, Inc.; Cruise Operator, Inc.; Bahamas Paradise Cruise Line,

LLC; James Verrillo; and Donna Higgins (collectively, "Holiday Defendants"[1]), submit this

response in opposition to Plaintiff Nolan Moran's ("Moran") Motion for Consolidation and

Transfer Under 28 U.S.C. § 1407 (the "MDL Motion"), and respectfully request that the Panel

deny the MDL Motion and decline to consolidate and transfer these four cases to the Southern

District of Florida.

### SUMMARY OF ARGUMENT

Multi-district litigation is inappropriate because two of these four cases involve claims

that are completely distinct from the other two, raising disparate and incompatible factual issues

for discovery and issue resolution. While the four cases are all ostensibly grounded in the

---

[1]  Notably the defendants in each of the cases sought to be transferred are not identical; not all Holiday Defendants are named in each case. The Holiday Defendants oppose the MDL Motion without waiver of any defenses they could assert in any of the underlying cases, including the defense of lack of personal jurisdiction. *See In re: Gypsum Wallboard*, 302 F. Supp. 794, 794 (J.P.M.L. 1969) (transfer of action under 28 U.S.C. § 1407 will not deprive defendant of right to contest personal jurisdiction or service, and such motions are "routinely considered by courts to which multi-district litigation has previously been transferred").

22698423v1

Telephone Consumer Protection Act ("TCPA"), different violations are alleged. In two cases Plaintiffs and a putative class claim to have received text-messages which they say violate the TCPA. In the other two cases, Plaintiffs and a putative class received telephone calls claimed to have been made using an automated telephone dialing system ("ATDS") and/or an artificial or pre-recorded voice, violating Section 227(b)(1)(B). Without conceding that Holiday Cruise Line employed these methods of marketing, the technology used for each type of communication is dramatically different, with virtually no aspects in common. Consent – a core issue in TCPA litigation – plays a major role in one form of communication used here (text messaging), much less so the other.

Multi-district litigation is simply not suitable for these cases, which define three distinct putative classes, involve different defendants and witnesses, present different defense issues and necessitate different discovery paths. Moreover, these cases do not raise complex issues of fact, common or disparate, that would warrant transfer.[2] Voluntary cooperation and coordination within each of the two completely separate sets of related cases is preferable to centralization since only a minimal number of cases are involved and the issues are not particularly complex, especially when the same attorneys are representing the common defendant, as in these cases.

I.   **CONSOLIDATION IS UNSUITABLE FOR THESE FOUR CASES AND WILL NOT PROMOTE THE JUST AND EFFICIENT CONDUCT OF PRETRIAL PROCEEDINGS**

The Judicial Panel on Multidistrict Litigation is authorized to transfer and consolidate civil actions pending in more than one district and involving one or more common questions of

---

[2] *In re Scotch Whiskey Antitrust Litigation*, 299 F. Supp. 543, 544 (J.P.M.L. 1969) (when centralization is sought for only a minimal number of cases, the cases must be "exceptional cases sharing unusually complex questions of facts"); *see also In re: Hangtime, Inc. Tel. Consumer Prot. Act (TCPA) Litig.*, 52 F. Supp. 3d 1375, 1376 (J.P.M.L. 2014) (denying consolidation of four TCPA cases asserting claims based upon text messages, finding such claims to be "not particularly complex").

fact to any single district for coordinated pretrial proceedings upon a determination that the transfer "will be for the convenience of the parties and witnesses and will promote the just and efficient conduct of such actions."[3] A party seeking such transfer bears a "strong burden" to show that common issues of fact are so complex and common discovery so time consuming to justify the transfer when a minimal number of cases are involved, as here.[4]

Moran has failed to satisfy his heavy burden of showing that transfer is warranted. Moran has requested the transfer of cases filed in California, New Jersey, and Illinois – including the first-filed case – to the Southern District of Florida. There is no justification for the transfer of these cases, which involve claims under different provisions of the TCPA, raise disparate factual issues, and describe three distinct putative classes of persons. If anything, the transfer and consolidation of these actions would only serve to complicate and delay pretrial proceedings of the cases which can proceed in parallel with modest cooperation amongst counsel to minimize duplication.

### A. Cases Variously Asserting TCPA Claims for Alleged Text Messages or Telephone Calls Raise Divergent Factual Issues that Would More Efficiently Proceed Separately in the Respective District Courts

The MDL Motion seeks consolidation and transfer of four putative nationwide TCPA cases[5] to the United States District Court for the Southern District of Florida that are similar only to the extent each Plaintiff alleges a nationwide putative class of persons holding claims under the TCPA against Holiday. Beyond this broad description and a common defendant, however, the similarities end.

---

[3] 28 U.S.C. 1407(a).

[4] *In re: Transocean Ltd. Securities Lit.*, 753 F. Supp. 2d 1373, 1374 (J.P.M.L. 2010).

[5] A potential tag-along case, *Herrera v. Consolidated World Travel, Inc.*, was filed on May 6, 2015, in U.S. District Court for the Northern District of Illinois, asserting claims on behalf of a putative class alleging unsolicited telephone calls similar to the putative class claims in two of the four cases identified in the MDL Motion (*Moran* and *Bakov*).

The first-filed of the four cases, *Wiederhold v. Consolidated World Travel, Inc.*,[6] is pending in the United States District Court in the Central District of California ("*Wiederhold*"). Plaintiff Scott Wiederhold alleges he and a putative class received text-messages from Holiday in violation of Section 227(b)(1).[7] In the third-filed case, *Huhn v. Consolidated Travel Holdings Group, Inc., et al.*,[8] pending in the United States District Court for the District of New Jersey ("*Huhn*"), Plaintiff Jason Huhn likewise alleges he and a putative class received text-messages from Holiday in violation of Section 227(b)(1). *Huhn*, however, names five of the Holiday Defendants, and another unrelated defendant.[9] *Huhn* also adds an additional class of persons whose telephone numbers were registered on the national Do-Not-Call list and were allegedly called in violation of Section 227(c)(5), a provision of the TCPA not implicated at all in any of the other cases.

By comparison, *Moran v. Consolidated World Travel, Inc.*,[10] pending in the United States District Court for the Southern District of Florida ("*Moran*"), premises class liability against Holiday only based upon an alleged telephone call to his cellular telephone using an automated telephone dialing system and/or an artificial or pre-recorded voice, in violation of Section

---

[6] DE: 1-4.

[7] The MDL Motion incorrectly claimed that Holiday had not answered the Complaint in *Wiederhold* and mis-characterized *Moran's* case as "slightly more advanced than the other actions." As reflected in the docket attached to the MDL Motion, Holiday had answered the Complaint in *Wiederhold* prior to the filing of the MDL Motion, and the Court in *Wiederhold* had entered an Order setting a final Pre-trial Conference in that case for July 27, 2015. Thus, *Wiederhold* is not only the first-filed case but also the most advanced. Given the short pre-trial timeframe remaining in this case pursuant to the Court's Order, transfer of this case under Section 1407 for multi-district litigation, which by definition is limited to pre-trial proceedings, would be impractical and delay the proceedings in *Wiederhold*.

[8] DE: 1-6

[9] This other Defendant, Elite Marketing, Inc., was voluntarily dismissed after the MDL Motion was filed. *See Huhn v. Consolidated Travel Holdings, Group, Inc. et al.*, Case No. 2:15-cv-02298, DE 18 (May 8, 2015). Accordingly, the Holiday Defendants are now the only defendants in the four cases, and all of them are represented by the undersigned counsel.

[10] DE: 1-5.

227(b)(1)(B). Similar claims were asserted by Plaintiff Angel Bakov in *Bakov v. Consolidated World Travel, Inc.*,[11] pending in the United States District Court for the Northern District of Illinois ("*Bakov*").[12] These telephone call cases are unique in that they involve a singular type of telephone call from "Jennifer."

Notwithstanding that these cases are markedly different – two (2) cases alleging violative text messages versus three (3)(with *Herrara*) cases alleging ATDS telephone calls and pre-recorded messages – Moran blithely asserts, without explanation, that the "distinction between the cases is immaterial and does not even come close to eliminating the presence of identical issues involved in the Actions."[13]    Yes, as Moran notes, the FCC and courts have "made clear" that a text message is a call for purposes of liability Section 227(b)(1)(A).[14] This does not address the very real practical, mechanical, and technological differences between a text message and telephone call and different defense (*e.g.* consent for the text messages) and discovery issues that will arise.

---

[11] DE: 1-7.

[12] The case previously disclosed as a potential tag-along case, *Herrera v. Consolidated World Travel, Inc.*, asserts claims similar to those in *Moran* and *Bakov*.

[13] MDL Motion, at p. 6. Moran's position is that "similar claims under the TCPA" alone satisfy the standard for transfer under Section 1407, citing nine cases in which the Panel had approved multi-district litigation for TCPA cases. *See* MDL Motion, at p. 1-2. However, not one of these cases involved consolidation of cases asserting TCPA claims for *both unlawful text message **and** unlawful telephone calls.*    Eight of those cases involved cases alleging only telephone calls in violation of the TCPA, and one case involved cases alleging only text messages in violation of the TCPA. *See e.g. In re: Life Time Fitness, Inc. Telep. Consumer Prot. Act (TCPA) Litig.*, 2014 WL 5314608 * 1 (J.P.M.L. Oct. 15, 2014) (denying consolidation of three TCPA texting cases); *In re: First Natl. Coll. Bureau, Inc. Telep. Consumer Prot. Act (TCPA) Litig.*, 11 F. Supp. 3d. 1353, 1354 (J.P.M.L. 2014) (denying consolidation of three TCPA calling cases).    Furthermore, Moran failed to note that in many of these cases, all of the parties had consented to multi-district litigation.    *See e.g. In re: Life Time Fitness,* 2014 WL 5314608 * 1.

[14] MDL Motion, at p.6.

In *Wiederhold* and *Huhn*, a fundamental question, and a critical component of the statutory claim, will be whether Plaintiffs provided express consent to receive the text messages. In each case, Plaintiff called in response to a text message received on his cellular telephone. This scenario distinguishes itself from the alleged outbound telephone calls in the other subset of cases in a number of ways. First, Holiday, itself, does not send text messages. Second, no text message authorized by Holiday would be sent by a third party lead generator without the prior express consent of the party to whom the text message is sent. Authorized text messages mentioning Holiday can be sent only after the recipient provides a third party lead generator with express consent,[15] generally through banner and/or pop-up advertisements on websites through which consumers access an "opt-in" form, expressly agreeing to receive a text message about a cruise.

In addition to consent, the dialing platform utilized by any third party lead generator that may have sent a text message will need to be analyzed to determine whether it constitutes an ATDS under the TCPA. So too for the telephone call cases, *Moran* and *Bakov,* but the questions asked will be entirely different as the dialer technology used is entirely different. Discovery as to consent will be central ***and unique to*** *Wiederhold* and *Huhn*, while discovery as to ATDS use will occur in both sets of cases, ***but will be entirely different and irrelevant to the other set of cases***.

The central factual issues for discovery in *Moran* and *Bakov* will be the nature of the "Jennifer" telephone calls and the third party lead generator making those telephone calls. The questions to be asked, especially, considering the advanced technology used, will be whether the telephone calls were made using an ATDS and whether the calls delivered a message using an

---

[15] When these Plaintiffs allegedly received text messages, there were no third parties authorized to send text messages mentioning Holiday.

artificial or pre-recorded voice. The telephone calls described by Plaintiffs Moran and Bakov are indicative of non-violative telephone calls made by a third party lead generator; in other words, the telephone calls are not made using an ATDS or prerecorded messages. Instead, the calls are made by live agents who remain on the line and interact with the called party from the dialing of the number to the termination of the telephone call. Thus, not only are the calls not violative of the TCPA, but for purposes of these "call" cases, each telephone call will need to be separately analyzed and discussed since each call is different. Discovery with regard to these "call" cases will involve these unique factual issues that are entirely distinct from, and irrelevant to, the claims and defenses pertaining to the "text messages" in *Wiederhold* and *Huhn*. Furthermore, the additional class alleged in *Huhn* for purported telephone calls to telephone numbers on the national Do-Not-Call list injects separate factual issues unrelated to the three other cases.

Accordingly, while the TCPA is a common thread, the TCPA issues are not common amongst the text message claims in *Wiederhold* and *Huhn*, the "Jennifer" telephone calls in *Moran* and *Bakov*, or the DNC claims in *Huhn*. The three distinct applications of the TCPA undercut the rationale to transfer and consolidate these cases.

While the claims in *Moran* and *Bakov* present common questions of fact (separate and apart from *Wiederhold* and *Huhn*), the Panel has not allowed consolidation when there are only a minimal number of cases.[16] In *In re Scotch Whiskey*,[17] the Panel explained the standard:

> The two [antitrust] cases are **not**, in our opinion, **exceptional cases sharing unusually complex questions of fact**. If this litigation involved the number of cases generally associated with multidistrict civil treble damage antitrust

---

[16] *See, e.g., In re Scotch Whiskey*, 299 F. Supp. at 544 (denying consolidation of two cases); *see also Manual for Complex Litigation, Fourth,* § 20.14 (2004).

[17] 299 F. Supp. at 543; *see also* 28 U.S.C. § 1407(a) (consolidation proper only when consolidation "will promote the just and efficient conduct of such actions" and is "for the convenience of parties and witnesses."); *In re Highway Acc. Near Rockville, Connecticut, on Dec. 30, 1972*, 388 F. Supp. 574, 575 (J.P.M.L. 1975).

22698423v1

> litigation, the common questions of fact might be sufficient to invoke 1407, *but where, as here, **there are a minimal number of cases involved in the litigation the moving party bears a strong burden to show that the common questions of fact are so complex and the accompanying common discovery so time consuming as to overcome the inconvenience to the party whose action is being transferred and its witnesses**. These factors do not emerge from the present record.*[18]

Here, the *Scotch Whiskey* factors do not emerge from the facts of the MDL Motion. Moran did not show these are exceptional cases sharing unusually complex questions of fact or that the accompanying discovery will be time-consuming.

Accordingly, while *Moran* and *Bakov* may involve similar facts and require similar discovery, and *Wiederhold* and *Huhn* may likewise involve similar facts and require similar discovery, the facts and discovery for each of the two sets of cases will be separate and distinct. The MDL Motion simply failed to address these critical distinctions, which undermine Moran's conclusory assertion that multi-district is necessary to avoid duplicative discovery and prevent inconsistent pretrial rulings. Plainly, it is not, as consolidation would only complicate discovery and delay pretrial proceedings of these cases.

### B. Moran Has Failed to Explain the Complexity of the Proffered Common Questions

Moran offers generic common questions of fact, but he avoids explaining how these questions are sufficiently or unusually complex to warrant MDL consolidation.[19] According to Moran:

---

[18] *In re Scotch Whiskey*, 299 F. Supp. at 544 (emphasis added).

[19] *See* MDL Motion, at pp 5-7. Most of the cases cited by Moran deal with complex issues (s*ee e.g. In re Airport Car Rental Antitrust Litig.*, 448 F. Supp. 273 (J.P.M.L. 1978) (violations of the Sherman Act)), which he did not, and cannot, make in this case. Further, the cases in the MDL Motion are both factually and procedurally dissimilar and do not support Moran's argument for transfer. Moran cites *In re: Capital One* and *In re: Enron*, for support, but those cases concerned thirty-one (31) and fifty-four (54) pending cases, respectively, so multi-district litigation was appropriate as a practical matter. *In re: Capital One Tel. Consumer Prot. Act Litig.*, 908 F. Supp. 2d 1366, 1367 (J.P.M.L. 2012); *In re: Enron Securities Derivative &*

> ***Each action will require the following core factual inquiries***: 1) HCL's policies, procedures, and technological capabilities for calling/texting, or directing its agents to call/text, consumers; and (2) HCL's policies and procedures for obtaining and recording a consumer's consent to receive marketing communications on his or her cell phone.[20]

Ignoring for the moment that calling and texting are, in fact, quite different, Moran was obliged to explain to the Panel the complexity of making an "inquiry" into these purported common questions of fact in order to establish that consolidation is necessary.[21] These two themes he cites are commonplace and neither is sufficient to support transfer and consolidation. Indeed, the Panel has made clear that the mere presence of common factual questions is insufficient to justify consolidation, even when the common questions are identical.[22] Just last October, this panel denied transfer of four TCPA cases involving allegations that a common defendant sent unsolicited commercial text messages in violation of the TCPA, despite its finding that "[t]hese actions unquestionably share some common factual questions" relating to

---

*ERISA Litig.*, 196 F. Supp. 2d 1375, 1376 (J.P.M.L. 2002). Lastly, none of the cases cited by Moran involved claims alleging two very different violations of the TCPA. *See, supra,* at n. 14.

[20] DE: 1, p. 5; (emphasis added). A comparison of the class action allegations in each of the four respective cases shows that none of the alleged "common questions" are unusually complex. *See* DE: 1-4, pp. 6-8; DE: 1-5, pp. 4-7; DE: 1-6, pp. 15-18; DE: 1-7, pp. 7-9.

[21] *In re Scotch Whiskey,* 299 F. Supp. at 544 (where "there are a **minimal** number of cases involved . . . moving party bears a strong burden to show . . . common questions of fact are so complex and the accompanying common discovery so time consuming as to overcome the inconvenience to the party whose action is being transferred and its witnesses").

[22] *See, e.g., In re Truck Acc. Near Alamagordo, New Mexico, on June 18, 1969*, 387 F. Supp. 732, 733 (J.P.M.L. 1975)("Movants contend that these actions arise from the same accident and that Section 1407 treatment is necessary in order to avoid duplication of discovery. Indeed, we recognize the existence of common, if not identical, questions of fact among these actions. Nevertheless, a mere showing that common questions of fact exist amongst the actions for which Section 1407 treatment is proposed is not sufficient, in and of itself, to warrant transfer by the Panel.").

the allegations.[23]  In denying transfer, the Panel expressly noted that claims under the TCPA for text message cases – like the claims in *Wiederhold and Huhn* – are "not particularly complex."[24]

Indeed, the inquiries into Holiday's policies and procedures are routine discovery. If anything, the differences between text messages and outbound telephone calls would likely make combined discovery more cumbersome and inefficient.

## II.     VOLUNTARY COOPERATION AND COORDINATION AMONG THE PARTIES AND INVOLVED COURTS IS A PRACTICAL AND PREFERABLE ALTERNATIVE TO CENTRALIZATION

To the extent there may be some common factual issues and overlap of discovery among *Wiederhold and Huhn*, on the one hand, and *Moran* and *Bakov*, on the other, a more practical solution short of transfer and consolidation exists. Specifically, arrangements can be made, as explained in the *Manual for Complex Litigation, Fourth,* to make discovery, even if subject to a confidentiality or protective order, available to other litigants or to establish coordinated and joint depositories for production.[25]  In fact, counsel for Holiday Defendants has already proposed that Plaintiffs' counsel in the two sets of cases consider proceeding along these very lines.  On May 15, 2015, Holiday Defendants' counsel sent an email to all counsel of record, proposing cooperation as an alternative to multi-district litigation, and using voluntary pretrial coordination of discovery or claims.  As of the date of this filing, neither Moran's counsel nor counsel for the other Plaintiffs responded to this overture, despite several follow-up inquires by counsel for Holiday Defendants.

---

[23]  *In re: Hangtime, Inc.*, 52 F. Supp. 3d at 1376.

[24]  *Id.*

[25]  *Manual for Complex Litigation, Fourth,* § 20.14 (2004).  The argument against consolidation should not be interpreted to mean that Holiday Defendants wish to litigate separate cases involving identical claims in different fora.  Instead, one logical resolution would be for *Huhn* (as to the texting claims) and *Bakov* (as to the call claims) to be stayed pending resolution of the earlier-filed cases*, Wiederhold* and *Moran*, respectively. The alternative, the added procedural burden of the MDL, invites the respective distinct sets of parties to prosecute and defend claims without little connection to the others.

In the MDL Motion, Moran ignored the more suitable and practical alternatives to multi-district litigation, instead claiming:

> "The parties in these actions will necessarily engage in duplicative discovery. All plaintiffs will be seeking the same (or similar) documentation from HCL and will likely request to depose the same parties."[26]

Moran's bare "duplicative discovery" argument does not explain why discovery would "be so time-consuming" or acknowledge the array of options short of transfer available to avoid the feared duplication or overlap.[27]   Moreover, as he has done throughout, Moran ignores the quite different factual issues and witnesses that will be involved in the "text" cases as compared to the "call cases."

Moran ignores the viable alternatives to that have already been proposed by counsel for Holiday Defendants.  A template might be:

- *Huhn* and *Bakov* are stayed,

- *Wiederhold* and *Moran are recognized* as the first-filed cases in each respective category, and

- rulings in *Wiederhold* and *Moran* be given presumptive, though not necessarily, conclusive effect in the respective stayed cases.[28]

Even without a stay of proceedings, counsel and the federal district court judges presiding over any non-stayed cases can coordinate proceedings, including discovery, to avoid or minimize duplicative activity or conflicts. In any case, these and other alternatives show:

> centralization would neither serve the convenience of the parties and witnesses nor further the just and efficient conduct of this litigation, which essentially involves only two actions pending in two districts. . . . Alternatives to transfer exist that can minimize whatever remaining possibilities there might be of duplicative discovery and/or inconsistent pretrial rulings.[29]

---

[26]  DE 1, pg. 6.

[27]  *In re Scotch Whiskey*, 299 F. Supp. at 544.

[28]  *Manual for Complex Litigation, Fourth,* § 20.14 (2004).

[29]  *In re Sumatriptan Succinate Patent Litig.*, 381 F. Supp. 2d 1378, 1378-79 (J.P.M.L. 2005), (citing *In re Eli Lilly and Company (Cephalexin Monohydrate) Patent Litigation,* 446

In any event, suitable alternatives to consolidation and transfer exist, and neither Moran's theoretical concern over duplicative discovery nor his fear of inconsistent rulings militates in favor of consolidation and transfer. Moran's failure to acknowledge viable alternatives to consolidation and transfer in his MDL Motion is particularly confounding, given the Panel's very recent denial of his counsel's request for transfer and consolidation of four other TCPA texting cases made on behalf of another plaintiff.[30] In that case, as here, Moran's counsel sought transfer and consolidation of four TCPA cases in the Southern District of Florida, and this Panel found that the Plaintiff failed to meet his heavy burden to demonstrate that centralization is appropriate" because the issues were "not unusually complex," because a common defendant was represented by the same counsel in all actions, and because that defendant, as here, offered to share any overlapping discovery.[31] All these factors exist here, and, to be clear, the Holiday Defendants will share any overlapping discovery in these cases upon entry of an appropriate protective order. As in the prior case, this Panel should deny the MDL Motion and reiterate its encouragement to the parties to "employ available alternatives to transfer, which may minimize the potential for duplicative discovery and inconsistent pretrial rulings."[32]

---

F.Supp. 242, 244 (J.P.M.L. 1978)); *In re Eli Lilly and Co. (Cephalexin Monohydrate) Patent Litigation,* 446 F. Supp. at 244 (denying consolidation, recognizing that "[a]lternatives to transfer exist", and noting that "[t]he fifth action, pending in the Eastern District of Arkansas, has been stayed pending the resolution of the two Central District of California actions."); *In re Indian Tribes Contract Support Costs Litig.*, 383 F. Supp. 2d 1380, 1381 (J.P.M.L. 2005) ("alternatives to transfer exist that can continue to minimize whatever possibilities there might be of duplicative discovery and/or inconsistent pretrial rulings."); *see also Manual for Complex Litigation, Fourth,* § 20.14 (2004).

[30] *In re: Caribbean Cruise Line, Inc. Tel. Consumer Prot. Act (TCPA) Litig.*, 2015 WL 506439 at * 2 (J.P.M.L. Feb. 6, 2015).

[31] *Id.*

[32] *Id.*

## III.     CONCLUSION

Holiday Defendants request that the Judicial Panel on Multi-district Litigation deny Moran's Motion for Consolidation and Transfer Under § 1407(a).[33]    Consolidation will not promote the just and efficient conduct of these four cases.

Dated: May 26, 2015.                              Respectfully Submitted,

                                                  */s/Jeffrey A. Backman*
                                                  JEFFREY A. BACKMAN
                                                  Florida Bar No. 662501
                                                  GREENSPOON MARDER, P.A.
                                                  200 East Broward Blvd., Suite 1800
                                                  Fort Lauderdale, FL 33301
                                                  Telephone: 954-491-1120
                                                  Fax: 954-213-0140
                                                  Jeffrey.Backman@gmlaw.com
                                                  *Attorney for Holiday Defendants*

---

[33] To the extent this Panel decides to grant the MDL Motion, Holiday Defendants would agree to the Southern District of Florida as the transferee court.

## BEFORE THE UNITED STATES JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION

|  |  |  |
|---|---|---|
| In re: HOLIDAY CRUISE LINE TCPA CALL/TEXT LITIGATION, | ) ) ) ) ) ) ) | MDL No. 2637 |

_____

## SCHEDULE OF ACTIONS

| Case Caption | Court | Civil Action No. | Judge |
|---|---|---|---|
| *Scott Wiederhold v. Consolidated World Travel, Inc.* | U.S. District Court, Central District of California | 2:15-cv-00828-TJH-MAN | Terry J. Hatter, Jr |
| *Nolan Moran v. Consolidated World Travel, Inc.* | U.S. District Court, Southern District of Florida | 0:15-cv-60482 BLOOM/Valle | Beth Bloom |
| *Jason Huhn v. Consolidated Travel Holdings Group, Inc., et al.* | U.S. District Court, District of New Jersey | 2:15-cv-02298 | Jose L. Linares |
| *Angel Bakov v. Consolidated World Travel, Inc., et al.* | U.S. District Court, Northern District of Illinois | 1:15-cv-02980 | Harry D. Leinenweber |

Respectfully Submitted,

*/s/Jeffrey A. Backman*
JEFFREY A. BACKMAN
Florida Bar No. 662501
GREENSPOON MARDER, P.A.
200 East Broward Blvd., Suite 1800
Fort Lauderdale, FL 33301
Telephone: 954-491-1120
Fax: 954-213-0140
Jeffrey.Backman@gmlaw.com
*Attorney for Holiday Defendants*

## BEFORE THE UNITED STATES JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION

|  |  |  |
|---|---|---|
| In re: HOLIDAY CRUISE LINE TCPA CALL/TEXT LITIGATION, | ) ) ) ) ) ) ) | MDL No. 2637 |

---

### CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that the foregoing **Memorandum in Opposition to Plaintiff's Motion for Consolidation and Transfer under 28 U.S.C. § 1407** was served electronically, or in the alternative via U.S. mail, on all parties specified below this 26th day of May, 2015.

| COUNSEL IN *WIEDERHOLD* ACTION | CLERKS OF COURT |
|---|---|
| ***Counsel for Plaintiff:*** <br> Matthew M. Loker <br> ml@kazlg.com <br> Seyed Kazerounian <br> ak@kazlg.com M. Loker <br> Kazerouni Law Group APC <br> 245 Fishcer Avenue Unit D1 <br> Costa Mesa, CA 92626 <br> 800-400-6808 <br> Fax: 800-520-5523 <br><br> Joshua B. Swigart <br> josh@westcoastlitigation.com <br> Hyde and Swigart <br> 2221 Camino del Rio South Suite 101 <br> San Diego, CA 92108 <br> 619-233-7770 <br> Fax: 619-297-1022 <br><br> Todd M. Friedman <br> tfriedman@attorneysforconsumers.com | Clerk of Court <br> U.S. District Court, <br> Central District of California <br> 255 East Temple Street <br> Los Angeles, CA 90012-3332 <br> 213-894-1565 <br><br> Steven M. Larimore <br> Clerk of Court <br> U.S. District Court, <br> Southern District of Florida <br> 400 N. Miami Avenue <br> Miami, FL 33128 <br> 305-523-5100 <br><br> William T. Walsh <br> Clerk of Court <br> U.S. District Court, <br> District of New Jersey <br> 50 Walnut Street, Room 4015 <br> Newark, NJ 07101 |

Law Offices of Todd M Friedman PC
324 South Beverly Drive Suite 725
Beverly Hills, CA 90212
877-206-4741
Fax: 866-633-0228

***Counsel for Holiday:***
Jeffrey Backman
Jeffrey.Backman@gmlaw.com
Richard W. Epstein
Richard.Epstein@gmlaw.com
Greenspoon Marder, P.A.
100 West Cypress Creek Road
Suite 700
Fort Lauderdale, FL 33309
954-491-1120
954-343-6952 (fax)

Darren Landie
darren@landielaw.com
Law Offices of Darren Landie
2600 Walnut Ave., Suite E
Tustin, CA 92780
714-544-3291
Fax: 714-276-6110


**COUNSEL IN *MORAN* ACTION**

***Counsel for Plaintiff:***

Joseph J. Siprut
jsiprut@siprut.com
Ismael T. Salam
isalam@siprut.com
Siprut, PC
17 North State Street
Suite 1600
Chicago, IL 60602-3294
312-236-0000
Fax: 312-241-1260

Scott D. Owens, Esq.
scott@scottdowens.com
Scott D. Owens, P.A.
3800 S. Ocean Dr., Ste. 235
Hollywood, FL 33019

973-622-4810


Thomas G. Burton
Clerk of Court
U.S. District Court,
Northern District of Illinois
219 South Dearborn Street
Chicago, IL 60604
312-435-5670

954-589-0588
Fax: 954-337-0666

Robert Ahdoot, Esq.
rahdoot@ahdootwolfson.com
Tina Wolfson, Esq.
twolfson@ahdootwolfson.com
Brad King, Esq.
bking@ahdootwolfson.com
Ahdoot & Wolfson, PC
1016 Palm Avenue
West Hollywood, CA 90069
310-474-9111
Fax: 310-474-8585

***Counsel for Defendant Holiday:***
Jeffrey Backman
Jeffrey.Backman@gmlaw.com
Richard W. Epstein
Richard.Epstein@gmlaw.com
Chad Tamaroff
Chad.Tamaroff@gmlaw.com
Greenspoon Marder, P.A.
200 E. Broward Blvd
Suite 1800
Fort Lauderdale, FL 33301
954-491-1120
954-343-6958 (fax)

**COUNSEL IN *HUHN* ACTION**

***Counsel for Plaintiffs:***
Ari Hillel Marcus
ari@marcuslawyer.com
Marcus Law LLC
1500 Allaire Avenue, Suite 101
Ocean, NJ 07712
732-660-8169
732-298-6256 (fax)

***Counsel for Defendants:***
Richard Epstein
Richard.Epstein@gmlaw.com
Jeffrey Backman
Jeffrey.Backman@gmlaw.com
Greenspoon Marder, P.A.

200 E. Broward Blvd
Suite 1800
Fort Lauderdale, FL 33301
954-491-1120
954-343-6958 (fax)


Shaji Mathew Eapen
seapen@morganlawfirm.com
Morgan Melhuish Abrutyn
651 West Mt. Pleasant Avenue
Suite 200
Livingston, NJ 07039
973-994-2500
973-994-3375 (fax)


**COUNSEL IN *BAKOV* ACTION**

***Counsel for Plaintiffs:***
Jeffrey Grant Brown
Jeff@jgbrownlaw.com
Jeffrey Grant Brown, P.C.
221 North LaSalle Street, Suite 1414
Chicago, Illinois 60601
312.789.9700 xt.1
Fax: 312.789.9702

***Counsel for Defendants:***
Richard Epstein
Richard.epstein@gmlaw.com
Jeffrey Backman
Jeffrey.backman@gmlaw.com
Greenspoon Marder, P.A.
200 E. Broward Blvd
Suite 1800
Fort Lauderdale, FL 33301
954-491-1120
954-343-6958 (fax)


Timothy Hudson
thudson@tdrlawfirm.com
Tabet DiVito & Rothstein LLC
209 South LaSalle St., 7th Floor
Chicago, Illinois 60604
312.762.9476
312.762.9451 (Fax)

Respectfully Submitted,

*/s/Jeffrey A. Backman*
JEFFREY A. BACKMAN
Florida Bar No. 662501
GREENSPOON MARDER, P.A.
200 East Broward Blvd., Suite 1800
Fort Lauderdale, FL 33301
Telephone: 954-491-1120
Fax: 954-213-0140
Jeffrey.Backman@gmlaw.com
*Attorney for Holiday Defendants*