**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

IN RE:  Holiday Cruise Line Telephone
       Consumer Protection Act (TCPA) Litigation       MDL 2637

**MEMORANDUM IN OPPOSITION TO MOTION TO CONSOLIDATE**

Plaintiff Moran, Case No. 15-cv-60482 (S.D. Fla.), seeks to consolidate two groups of two disparate cases into one group of four.[1] Two of the cases – Plaintiff Wiederhold's, 15-cv-828 (C.D. Cal.) and Plaintiff Huhn's, 15-cv-2298 (D.N.J.) involve text messages sent to cellular telephones in violation on of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"). The remaining two – Plaintiff Moran's and Plaintiff Bakov's, 15-cv-2980 (N.D. Ill.) – involve voice calls made to cellular telephones in violation of the TCPA.[2] While telephone calls and text messages of this nature are both prohibited by the TCPA, the mechanisms and practices (and thus, discovery) pertaining to each are likely to be significantly different.  Furthermore, the panel has previously found that TCPA actions are not particularly complex. When these elements are considered together – the limited number of cases, the disparate types of cases, and the lack of complexity – it is difficult to see how consolidation, rather than informal cooperation between

---

[1] A fifth case was filed on May 6, 2015 in the Northern District of Illinois alleging unsolicited telephone calls, *Herrera v. Consolidated World Travel, Inc,* 15-cv-4030. That case is not the subject of Moran's motion.

[2] While each case makes its allegations against Consolidated World Travel, d/b/a Holiday Cruise Line, Plaintiff Huhn's case also includes several additional and potentially liable defendants, including Consolidated World Travel's holding company, and the cruise line on whose behalf the text messages were sent.  Plaintiff Bakov has a motion pending to amend his Complaint to add additional defendants as well.

Plaintiffs and their counsel, would best promote the convenience of the parties or the just and efficient conduct of the transferred cases, as required for consolidation under 28 U.S.C. § 1407. On those grounds, Plaintiff Bakov brings this opposition on behalf of himself and Plaintiff Huhn ("Opposing Plaintiffs").

## LEGAL STANDARD

Actions "involving one or more common questions of fact … pending in different districts … may be transferred to any district for coordinated or consolidated pretrial proceedings." 28 U.S.C. § 1407(a). These transfers should only be made if the Judicial Panel on Multidistrict Litigation ("Panel") determines "that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." *Id.* Factors to be considered include whether transfer would eliminate duplication in discovery; whether consolidation would avoid conflicting rules and schedules; whether consolidation would reduce the cost of litigation; and whether consolidation would conserve the time and effort of the parties, attorneys, witnesses, and courts. *See* MANUAL FOR COMPLEX LITIG. (THIRD) § 31.131 (1995). Where only a minimal number of actions are involved in a motion for consolidation before the Panel, the proponent of centralization bears an even heavier burden to demonstrate that centralization is appropriate. *See In re Transocean Ltd. Sec. Litig. (No. II)*, 753 F. Supp. 2d 1373, 1374 (J.P.M.L. 2010).

## DISCUSSION

Plaintiff Moran seeks to consolidate two groups of two disparate cases into one group of four cases. Two of the cases involve unsolicited text messages sent to cellular telephones and two of the cases involve unsolicited telephone calls. Because Plaintiff Moran seeks consolidation of

so few cases – whether viewed as two distinct groups of two or one cohesive group of four – he bears a heavy burden to demonstrate the appropriateness of centralization. He has not met that burden here. Consolidation of these cases will neither promote convenience nor the just and efficient conduct of the cases.

I.     **Informal Cooperation is Possible and Preferable**

First, and perhaps most significantly, the cases are already being managed in a just and efficient manner, so consolidation would serve little purpose. Each group of plaintiffs remains in contact with the other and has kept lines of communications open between themselves. Moreover, common defendant HCL is represented by the same counsel in all actions. Voluntary cooperation and coordination among the parties is thus a preferable alternative to centralization. S*ee, e.g.*, *In re: Hangtime, Inc., Tel. Consumer Prot. Act (TCPA) Litig.*, MDL No. 2563, 2014 WL 5100236, at *1 (J.P.M.L. Oct. 9, 2014) (determining that informal cooperation was preferable to centralization where there were "effectively only two pending actions at issue" which were not unusually complex); *see also, e.g.*, *In re Coal-Fired Elec. Utilities Clean Air Act Litig.*, 162 F. Supp. 2d 696, 697 (J.P.M.L. 2001); *In re Sumatriptan Succinate Patent Litig.,* 381 F. Supp. 2d 1378, 1379 (J.P.M.L. 2005). Of course, the balance and calculus here could shift if a large number of "other potential class members … soon file cases against [Defendant] in a multitude of districts," as predicted by Plaintiff Moran (Plaintiff's Motion at 9), but that has yet to occur. Since the first of these cases was filed in February, there have been only three additional filings, and the most recent filing is in the same district as Plaintiff Bakov's case.

A similar attempt to consolidate four TCPA cases brought against Caribbean Cruise Line, Inc. ("CCL") (which is located at the same address as Defendant HCL here and is represented by

the same defense counsel as here) resulted in a denial by the Panel of a motion to consolidate. *In re: Caribbean Cruise Line, Inc., Tel. Consumer Prot. Act (TCPA) Litig.*, No. MDL 2604, 2015 U.S. Dist. LEXIS 14300 (U.S. Jud. Pan. Mult. Lit. Feb. 6, 2015). The Panel denied consolidation on grounds, *inter alia*, that "common defendant CCL is represented by the same counsel in all actions", there were too few actions to warrant consolidation, and the issues were not particularly complex. *Id*. The same logic applies here.

## II.     Consolidation Would Increase the Risk of Unnecessary and Duplicative Discovery

While there will be some overlap, discovery is nonetheless likely to be significantly different in the two text cases (*Wiederhold*, in California and *Huhn,* in New Jersey) than in the two call cases (*Moran*, in Florida, and *Bakov*, in Illinois), since the apparatus and processes involved in dialing calls is typically different than that involved in the computerized transmission of text messages via the internet. Relevant evidence in each of the four cases will focus on differing Electronically Stored Information, since text messages consist of digital data streams and phone calls consist of scripted statements of words. The text/phone distinction may well carry over to fact witnesses and to expert witnesses who will testify about how calls are made and received, and how texts are created, sent and received. The secondary suppliers of information and databases to Defendants that enabled their ability to make calls and send texts likewise may be dissimilar.  As discussed in *In re Aviation Products Liability Litigation,* 347 F.Supp. 1401, 1403–04 (J.P.M.D.L.1972), the transferee court is expected to tailor the pretrial program to fit the issues and parties, and to avoid subjecting any party to unrelated discovery or other procedures.  Here, consolidating all four cases will not serve the convenience of the parties and instead is destined to increase the complexity of discovery and to add costs and delays.

The cases also have different defendants and, in at least one instance, different causes of action.[3] While each of the four cases names as a Defendant Holiday Cruise Lines, two of the four cases (Huhn and Bakov[4]) also name other defendants in addition to HCL. Thus, there are several Defendants whose activities are only relevant to one or two cases, but who would be subjected to consolidation in Florida and discovery in all four cases, if the consolidation motion were granted.

Furthermore, as discussed above, duplicative discovery can be eliminated through informal cooperation between Plaintiffs and their counsel. While some of Plaintiffs and their counsel disagree with each other on this particular motion, even this disagreement has been cordial and discussed amongst the Plaintiff groups. Plaintiffs are confident that such a working relationship can and will continue in order to most benefit our Plaintiffs and putative class members, and will streamline these cases without the need for formal consolidation. S*ee, e.g.*, *In re: Hangtime, Inc., Tel. Consumer Prot. Act (TCPA) Litig.*, MDL No. 2563, 2014 U.S. Dist. LEXIS 145743, *3 (denying consolidation in part because "voluntary cooperation and coordination among the parties and the involved courts seems a preferable alternative to centralization.").

### III. The Convenience of the Parties

Given that three of the four cases are *not* pending in Florida, the party for whom litigation in Southern Florida is convenient is limited to Plaintiff Moran, whose case *is* pending there. Consolidation in Florida is certainly not more convenient for Plaintiff Bakov than remaining in

---

[3] Plaintiff Huhn's case states a cause of action for violations of the TCPA's "Do Not Call" list provisions, in addition to the violation of the TCPA's autodialer provisions, which would obviously inject a variety of legal and discovery issues into the other cases not raising that claim.

[4] Bakov has filed a motion for leave to amend his Complaint to add additional defendants.

Illinois, just as it is not more convenient for Plaintiff Huhn than remaining in New Jersey. Opposing Plaintiffs anticipate that even Defendants - all of whom are represented by the same counsel and based in Florida - will oppose the consolidation of this matter in Florida, and in so doing, must concede that any convenience of consolidation in Florida is outweighed by the inefficiencies of consolidation in the first instance.

**IV.     Lack of Complexity**

The complexity, or lack thereof, of the facts or issues in the various cases is a factor to be considered in deciding whether consolidation is appropriate. *See In re Coal-Fired Elec. Utilities Clean Air Act Litig.*, 162 F. Supp. 2d 696, 697 (J.P.M.L. 2001)("…movant has failed to persuade us that any common questions of fact, as opposed to law, are sufficiently complex… to justify Section 1407 transfer."). The panel has previously considered TCPA cases not to be particularly complex. *In re Hangtime, Inc., Tel. Consumer Prot. Act (TCPA) Litig.*, 2014 U.S. Dist. LEXIS 145743 at *3 ("These cases are not particularly complex….")

Indeed, at least at this stage, the cases and allegations are straightforward. Defendants allegedly marketed their cruise lines through unsolicited telephone calls and unsolicited text messages. There likewise do not appear to be any particularly complex discovery issues on the horizon. For example, a factual inquiry into HCL's policies and procedures and use of an Automated Dialing System to initiate calls or text messages, or "directing an agent" to text or to initiate telephone calls (whether the inquiry is by written discovery or a deposition) does not, at this stage, appear to be so complex that consolidation and transfer are necessary or even desirable as a precondition to seeking and obtaining answers to the aforesaid questions. Likewise, HCL's policies and procedures for "obtaining and recording written consent" (as they

claim they have done in their Answer to the *Bakov* Complaint) is not so complex that it demands multidistrict litigation treatment. While this could conceivably change in the future - anything is possible - at this stage, there is not enough legal or factual complexity to warrant consolidation.

## CONCLUSION

In light of the foregoing, Plaintiffs Bakov and Huhn respectively request that the Panel deny consolidation at this time.

Dated this 26th day of May, 2015

/s/ Jeffrey Grant Brown
Jeffrey Grant Brown
**JEFFREY GRANT BROWN, P.C.**
221 North LaSalle Street
Suite 1414
Chicago, IL  60601
P: 312.789.9700
Attorney for Plaintiff Angel Bakov

s/Jeremy M. Glapion
Jeremy M. Glapion, Esq.
**THE GLAPION LAW FIRM**
39 Schindler Court
Neptune, NJ 07753
P: 732.455.9737
F: 267.737.0446
E: jmg@glapionlaw.com

s/ Ari H. Marcus, Esq.
Ari Marcus, Esq.
**MARCUS LAW, LLC**
1500 Allaire Avenue, Suite 101
Ocean, New Jersey 07712
P: 732.695.3282
F: 732.298.6256
*Attorneys for Plaintiff Huhn*